**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000397**
**27-SEP-2011**
**08:42 AM**

NO. CAAP-11-0000397

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JOHN MARYNAIK,
Claimant/Appellant-Appellant
v.
J.P. SCHMIDT, Insurance Commissioner,
Department of Commerce and Consumer Affairs, State of Hawaii,
Appellee-Appellee,
and
GOVERNMENT EMPLOYEES INSURANCE COMPANY,
Respondent/Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2629)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal that Claimant/Appellant/Appellant John Marynaik (Appellant Marynaik) has asserted from the Honorable Karl K. Sakamoto's December 16, 2010 (the December 16, 2010 judgment), because Appellant Marynaik's appeal is untimely under Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP).

The December 16, 2010 judgment is an appealable judgment pursuant to Hawaii Revised Statutes (HRS) § 91-15 (1993), HRS § 602-57(1) (Supp. 2010, and HRS § 641-1(a) (1993 & Supp. 2010). Pursuant to HRAP Rule 4(a)(3),[1] Appellant Marynaik

---

[1] HRAP Rule 4(a)(3) provides:

extended the thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal from the December 16, 2010 judgment when Appellant Marynaik filed his December 27, 2010 motion for reconsideration of the December 16, 2010 judgment within ten days[2] after entry of the December 16, 2010 judgment, as Rule 59[3] of the Hawai'i Rules of Civil Procedure (HRCP) required.

However, when a party files a timely tolling motion that extends the time period for filing a notice of appeal pursuant to HRAP Rule 4(a)(3), "[t]he rule provides that the court has 90 days to dispose of [the] post-judgment [tolling] motion . . . , regardless of when the notice of appeal is filed." Buscher v. Boning, 114 Hawai'i 202, 221, 159 P.3d 814, 833 (2007). When "the court fail[s] to issue an order on [the movant]'s [post-judgment tolling] motion by . . . ninety days after [the movant has] filed the [post-judgment tolling] motion, the [post-judgment tolling] motion [i]s deemed denied." County of Hawai'i v. C&J Coupe Family Limited Partnership, 119 Hawai'i 352, 367, 198 P.3d 615, 630 (2008).

The ninetieth calendar day after the December 27, 2010 filing date of Appellant Marynaik's motion for reconsideration was Sunday, March 27, 2011, and, thus, HRAP Rule 26(a) extended the ninety-day time period under HRAP Rule 4(a)(3) for

---

(3) Time to Appeal Affected by Post-Judgment Motions. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

(Emphases added).

[2] The tenth calendar day after December 16, 2010, was Sunday, December 26, 2010, and, thus, Rule 6(a) of the Hawai'i Rules of Civil Procedure (HRCP) extended the ten-day time period under HRCP Rule 59 until Monday, December 27, 2010.

[3] HRCP Rule 81(e) requires that the Hawai'i Rules of Civil Procedure "shall apply to any proceedings in a circuit court pursuant to appeal to the circuit court from a governmental official or body (other than a court), except as otherwise provided in Rule 72."

adjudicating this motion until Monday, March 28, 2011. Therefore, pursuant to HRAP Rule 4(a)(3), Appellant Marynaik's December 27, 2010 motion for reconsideration was automatically deemed denied at the end of the day on March 28, 2011. Although the circuit court entered an April 11, 2011 written order purporting to deny the motion for reconsideration, the deemed denial rendered the April 11, 2011 written order a nullity. Consequently, the deemed denial triggered the thirty-day time period for filing a notice of appeal. The thirtieth day after March 28, 2011, was Wednesday, April 27, 2011. Appellant Marynaik did not file his May 10, 2011 notice of appeal by April 27, 2011, as HRAP Rule 4(a)(3) required for a timely appeal. Therefore, Appellant Marynaik's appeal is untimely under HRAP Rule 4(a)(3).

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice thereof is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."). Consequently, we lack appellate jurisdiction over this case.

Therefore, IT IS HEREBY ORDERED that Appeal No. CAAP-11-0000397 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, September 27, 2011.

Chief Judge

Associate Judge

Associate Judge

-3-